1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**

7

**FOR THE DISTRICT OF ARIZONA**

8
9

Balbino Mayora Cruz,

No. CV-25-04414-PHX-DWL (JZB)

10

Petitioner,

**ORDER**

11

v.

12

Pamela Bondi, et al.,

13

Respondents.

14
15

Petitioner filed a verified petition for writ of habeas corpus under § 2241 challenging

16

his immigration detention. (Doc. 1.)[1] In a December 1, 2025 order, the Court ordered

17

Respondents to show cause ("the OSC") why the petition should not be granted. (Doc. 6.)

18

The OSC is now fully briefed. (Docs. 8-9.) For the reasons that follow, the petition is

19

granted, and Respondents must either release Petitioner from custody or provide a bond

20

hearing within seven days.

21

**I.    Background**

22

Petitioner is a citizen of Mexico who "entered the United States on 2001 and has

23

resided continuously in in the U.S since that date." (Doc. 1 at 6.) On an unknown date,

24

Petitioner was arrested and placed in removal proceedings under § 240 of the Immigration

25

and Nationality Act. (*Id.*) Following his arrest, Respondents "determined that Petitioner

26

was subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). Petitioner requested

27
28

---

[1]    Petitioner also filed a motion for temporary restraining order and preliminary injunction. (Doc. 2.) Because the Court issued an OSC, the motion for injunctive relief was denied without prejudice.

1    a custody redetermination before an Immigration Judge, but his request was denied on
2    November 20, 2025, on the grounds that the Immigration Court lacked jurisdiction because
3    DHS had classified him as subject to § 1225(b)(2) pursuant to *Matter of Yajure Hurtado*."
4    (*Id.* at 6-7.)

5        Petitioner alleges that detention without a bond hearing is violative of his due
6    process rights, the Administrative Procedure Act, and the Suspension Clause and
7    constitutes a state-created danger.  (Doc. 1 at 26-30.)  Petitioner requests release from
8    custody or an order directing Respondents to provide him a bond hearing under 8 U.S.C.
9    § 1226.  (*Id.* at 30-31.)

10   **II.    Analysis—Interpretation of 8 U.S.C. § 1225 and 8 U.S.C. § 1226**

11       Respondents "acknowledge[] that this Court has explicitly rejected [their] legal
12   position" in *Echevarria v. Bondi*, 2025 WL 2821282 (D. Ariz. 2025), but "maintain[] and
13   preserve[] [their] position that Petitioner is properly subject to mandatory detention under
14   8 U.S.C. § 1225(b)(2)."  (Doc. 8 at 12.)  Respondents also note that "some federal courts
15   . . . have joined what the government acknowledges is a minority position on whether §
16   1225 applies to persons in Petitioner's position rather than § 1226."  (*Id.*)  But it is
17   unsurprising that judges across the country are not in full agreement on how this issue
18   should be resolved—indeed, the Court previously emphasized that "it views this issue as
19   presenting a complicated and debatable question."  *Echevarria*, 2025 WL 2821282 at *5.
20   It is also fair to note that Respondents correctly acknowledge their view represents the
21   minority position—in the weeks since the Court considered the issue in *Echevarria*, dozens
22   of other courts have reached the same conclusion.  *See, e.g., Quinapanta v. Bondi*, 2025
23   WL 3157867, *6 (W.D. Wisc. 2025) ("[M]ore than 45 district courts have now rejected
24   similar arguments made by respondents here and ordered bond hearings for noncitizens
25   who, like petitioner, were apprehended within the United States years after entering
26   without admission or inspection unless implicated by any criminal activity covered by
27   § 1226(c).  These decisions, along with a growing number of others now including this
28   court have concluded that the statutory text, the statute's history, Congressional intent, and

§ 1226(a)'s application for the past three decades support its application to noncitizens in petitioner's position.") (cleaned up).  At any rate, having carefully reviewed the recent decisions adopting the minority view, the Court respectfully declines to revisit the conclusion it reached in *Echevarria* and grants the petition.

Accordingly,

**IT IS ORDERED:**

1.    Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

2.    Respondents must provide Petitioner a bond redetermination hearing under 8 U.S.C. § 1226(a) within **seven days** or release him from custody under the same conditions that existed before her detention.

3.    Respondents must provide a notice of compliance within **three days** of releasing Petitioner or providing him a bond hearing.

4.    The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 5th day of December, 2025.

_____
Dominic W. Lanza
United States District Judge